### DUNLEVY, Sr. et v FIDELITY ASSOCIATION et

Ohio Appeals, 2nd Dist, Montgomery Co.

No. 1632. Decided June 4, 1940.

Roy G. Fitzgerald, Dayton, Thomas H. Ford, Dayton, for appellant, Fidelity Building Ass'n.

Sam D. Kelly, Dayton, for plaintiffs-appellees.

## OPINION

**BY THE COURT:**

On January 18, 1935 plaintiffs filed their petition in the Common Pleas Court in which it was averred that defendant association held a mortgage on certain properties owned by the plaintiffs, including a real estate upon which there was a residence, the home of the plaintiffs; that plaintiffs and said defendant entered into a contract whereby it was agreed that in the event of defendant proceeding and foreclosure upon the properties covered by the mortgage, if plaintiffs would give to the defendant an assignment of rents of all the properties covered in the mortgage excepting the home and residence of plaintiffs, defendant would execute a good and sufficient deed to plaintiffs to said home and residence free and clear of any incumbrances of said defendant association. Performance on the part of the plaintiff is averred and violation of the terms of the contract set up against the defendant in that it instituted proceedings and foreclosure against the plaintiffs upon the mortgage on the real estate upon which their home was located. Specific performance of the contract was prayed, temporary and permanent injunction sought to prevent defendants proceeding further with the foreclosure on said home property. On the day that the petition was filed a temporary restraining order was granted as prayed.

Thereafter on August 15, 1937, the defendant Building Association answered in which it denied generally and specifically the averments of the petition. On January 3, 1938, the following entry was approved by a Judge of the Common Pleas Court,

"This case is dismissed at plaintiffs' cost for want of prosecution. No record, judgment and execution awarded for costs."

On November 20, 1939, Michael J. Dunlevy. Sr., one of the plaintiffs, filed his motion wherein it was asserted

that the dismissal of the case occurred without notice to plaintiff or his counsel and that it was made through inadvertence and while a retraining order was in force against the defendants and moved the court to reinstate the case in its entirety.

On January 23, 1940, the court sustained the motion and made the finding that,

"Upon affidavits submitted and argument of counsel, the court being fully apprised in the premises, finds that this court has heretofore found that the plaintiff herein has stated a valid cause of action in his pleading; that this case was dismissed by inadvertence and mistake, and that the same, therefore, should be reinstated in its entirety upon the dockets of this court."

Exceptions to the action of the court were noted by defendant Building Association. Notice of appeal was given and is presented here upon questions of law. A bill of exceptions has been filed which we have examined but upon consideration of the record, including the transcript of docket and journal entries we find that the matter may be disposed of in this court strictly upon questions of law, upon the motion to dismiss and the judgment entry. We find no assignment of errors but from the briefs it may be assumed that it is claimed that the judgment of reinstatement is contrary to law.

Counsel have argued two questions, namely, (1) Is the order reinstating the case a final order? and, (2) Did the Common Pleas Court err in ordering the reinstatement of the cause?

The order vacating the judgment was a final order. Hornbeck and Adams Trial and Appellate Practice, page 237, Meyer et v Meyer, 25 Oh Ap 249, Makranczy v Gelfand, Admr. 109 Oh St 325, Hoffman v Knollman, 135 Oh St 184.

The order of reinstatement was entered many terms after the judgment vacated. Therefore, the power of the court to vacate or set aside its judgment must be grounded upon some statutory authority which, in this case is found, if at all, under §11631 GC, namely,

"For mistake, neglect or omission of the Clerk or irregularity in obtaining a judgment or order."

Neither the motion nor the judgment entry sets out any cause recognized in that portion of the statute from which we have quoted as a ground for vacating the judgment of dismissal. The ground for dismissal stated in the motion is that the dismissal was made through inadvertence. The judgment entry is that the case was dismissed by inadvertence and mistake. There is no claim in the motion or finding in the judgment entry that the mistake was that of the Clerk. Nor is it claimed nor found in the judgment entry that there was any irregularity in obtaining the judgment. In this situation we have no other choice than to find that the court erred in the judgment entered and that the cause must be reversed and remanded.

HORNBECK, PJ., GEIGER & BARNES, JJ., concur.