## MARYLAND CASUALTY CO. v JOHN F. REES CO.

Ohio Appeals, 8th Dist, Franklin Co

No 3374. Decided Nov 12, 1941

202

Welles, Kelsey, Coburn & Harrington, Toledo, for plaintiff-appellee.

Luther L. Boger, Columbus, and J. Maxwell Maher, Columbus, for defendant-appellant.

## OPINION

By BARNES, J.

The above-entitled cause is now being determined as an error proceeding by reason of defendant's appeal on questions of law from a judgment of the Court of Common Pleas of Franklin County, Ohio.

Plaintiff's petition was filed August 21, 1937, wherein it sought judgment against the defendant in the sum of $4037.04, with interest. An amended petition was filed November 24, 1937, following the Court's sustaining defendant's motion in part. Defendant's answer was filed December 11, 1937, and on January 5, 1938, plaintiff filed a reply. On January 6, 1938, plaintiff was granted leave to plead by January 29, 1938. Relative to this leave to plead nothing appears in the record other than the entry. Plaintiff filed no further pleading as per the entry of January 6th. The bill of exceptions contains the stipulation that "on October 30, A. D. 1940, when this cause was dropped, the issues were made up and the cause had, prior to that, been assigned for trial and continued by consent of counsel, this cause being last continued on June 15, A. D. 1939, until the September, 1939, term of said Court for assignment, and nothing further was filed nor any further action taken in said cause until the same was dismissed on October 30, A. D. 1940".

At the September Term, A. D. 1940, the cause was placed upon what is called the "Drop List" of said Court, and on October 30, 1940, there being no appearance on behalf of the plaintiff or on behalf of the defendant, the said cause was dismissed. The entry of dismissal reads as follows:

"Upon the call of the case, and no good cause being shown why this cause should be retained, it is ordered by the court that this case be dismissed without record or prejudice at the costs of the plaintiff."

On February 20, 1941, counsel for plaintiff filed the following motion:

"Plaintiff moves the court for an order reinstating the above cause and ordering the same assigned for trial."

On April 14, 1941, the Court ordered the case reinstated as per the entry, of which the following is a copy, omitting the formal parts:

"This cause came on to be heard upon the motion of the plaintiff for an order reinstating the above cause and reassigning it for trial.

"Upon consideration of which motion, and the file and records, and the briefs of counsel, the court finds that it dropped this case, at a former term, at a time when the same was at issue and ready for trial. The court also finds that it would not have dropped the same had the court at that time known that the case was at issue and ready for trial. The court also finds upon the records, that the said dismissal on the call of the drop list was irregular and that this case should be reinstated and assigned for trial.

"It is, therefore, ordered and adjudged that the above case be and the same is hereby reinstated and the same is ordered assigned for trial.

"To all of which findings and judgments the defendant excepts."

From this order for reinstatement defendant within due time filed notice of appeal.

At a former term of our Court we found that the judgment of April 14,

1941, was a final order and overruled plaintiff's motion to dismiss the appeal.

In so deciding we followed our holding in a Montgomery County case decided June 4, 1940, entitled **Dunlevy Sr. v Fidelity Association, etc.**, reported in **32 Abs 493.**

We are favored with the trial court's memoranda opinion ordering the reinstatement of the cause. It is therein stated that the reinstatement of a case dismissed by the court after being called on the drop list is discretionary.

Under the situation in the instant case we are unable to agree with this pronouncement.

It is quite true that during term a court has absolute control of its judgments and may modify or set aside in the exercise of a sound legal discretion.

After the close of the term within which the judgment was made the Court has no further control except to proceed upon statutory grounds. In other words, to warrant the reinstatement it must affirmatively appear that the plaintiff has a statutory right to such reinstatement as distinguished from a sound legal discretion. This principle is announced in the case of **McCullough et v Luteman, 15 Oh Ap 207,** Sylabus 2:

"2. In such a case every reasonable presumption favors the validity of the judgment, whether taken after process issued, by confession, or warrant of attorney, and the sanctity which invests the judgment requires that before it can be disturbed the right so to do must be clear, the injury palpable and the evidence convincing."

This rule has its inception in that the courts have held that the special statutory proceeding authorizing courts to vacate their judgments rendered at a previous term is a cumulative remedy and does not exclude or limit the right of a party by original action to impeach a judgment for fraud. **Darst v Phillips, 41 Oh St 514; Coats v Bank, 23 Oh St 415.** We might go further and say that the right of vacation of judgments after term would be recognized in all cases where the right existed at common law or in equity.

The instant case does not fall within the classification where the right must be supported by the special proceedings prescribed under the statute or not at all.

In the instant case the motion for reinstatement was faulty in that it did not set out the grounds for reinstatement. The specific grounds set out for modifying or vacating judgments will be found in §11631 GC. The grounds are set out under ten separately stated and numbered paragraphs. Under §11635 GC, it is provided that under provisions 4, 5, 6, 7, 8, 9 and 10 the proceedings shall be by petition verified by affidavit, etc., and that upon such petition a summons shall issue, etc. Counsel for plaintiff argue in their brief that their motion for reinstatement of their case was brought under §11634 GC, the pertinent portion of which reads as follows:

"The proceedings to correct mistakes or omissions of the clerk, or irregularity in obtaining a judgment or order, shall be by motion, upon reasonable notice to the adverse party, or his attorney in the action."

This procedural provision obviously relates to ¶3 of §11631 GC.

"3. For mistake, neglect or omission of the clerk, or irregularity in obtaining a judgment or order."

The bill of exceptions presents no evidence of any witness. It presents a recital of the dates of various orders and filings, all of which more fully appear from the transcript of the docket and journal entries and original papers. The only addition is a paragraph which has heretofore been quot-

ed in full, which in substance states that the case was last continued on June 13, 1939, and that no further action was taken on the case until the same was dismissed on October 30, 1940. There is also a paragraph stating that no evidence was introduced supporting plaintiff's motion. In addition to the above there is also included rules of court, XIII (b), XIII (c). XIII (j), and XIII (f). Of course the trial court could take judicial notice █ of all proper rules of court and we can do likewise. Of course it may be helpful for ready reference that these rules are presented in the bill of exceptions, although it is not necessary so to do. These rules are as follows:

"Rule XIII (b). The Assignment Commissioner may, under the direction of the Court, and upon notice to counsel, place any case in which the issue is not made up or is in any way in default, upon the Motion List to be there called and dismissed for want of prosecution unless good cause be shown why the same should not be done."

"Rule XIII (c). All cases to be assigned for trial, except as otherwise provided, shall be noticed for trial by counsel after the issues are fully made up. It shall be unnecessary to notice a trial more than once after the issue is fully made up, except that in case where a verdict is set aside, or remanded for a new trial, and when a jury fails to arrive at a verdict, in each instance, counsel shall leave with the Assignment Commissioner an additional Notice for Trial."

"Rule XIII (j). A case may be stipulated to such date in the succeeding term as the Assignment Commissioner may designate. When a case is continued by order of Court or agreement of parties, the Assignment Commissioner shall or counsel by agreement may set such case for trial on a date in the succeeding term."

"Rule XIII (f). A case not noticed for trial for two consecutive terms of court after it is at issue or in default may be dismissed for want of prosecution, or dropped from the docket."

From an examination of the entire file, including the bill of exceptions and original papers we are unable to conclude that the action of the trial court in dismissing the cause was irregular. Recitals in the entry of dismissal, it seems to us, deny all arguments of irregularity.

The fact that the trial court states in his order reinstating that the case would not have been dropped at the time had the court known that the case was at issue and ready for trial does not meet the question as █ to whether or not the court had the right under the existing condition to dismiss. Of course had the application been made within term, then the statutory provisions would not have been controlling and the court in the exercise of a sound legal discretion could have ordered a reinstatement. Our Court had under consideration a kindred question in the case of **Dunlavy v Fidelity Assn., 32 Abs 493.** In the reported case the facts are somewhat different from the instant case, but therein we called attention to the importance of the parties bringing themselves within the provisions of the sections.

We are constrained to the view that prejudicial error appears █ and the cause is reversed and remanded for further proceedings according to law.

Entry may be drawn accordingly.

GEIGER, PJ. & HORNBECK, J., concur.